**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | | |
|---|---|---|
| IN RE | : | |
| | : | **Chapter 13** |
| **JOHN CECIL ELKINS** | : | **Case No. 16-51491** |
| | : | |
| | : | |
| **Debtor** | : | |
| _____ | : | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Creditor Fayette Tax Receivables, LLC's Motion to Lift

Automatic Stay and to Compel Trustee to Abandon Property.   [ECF No. 34.]   Creditor seeks to

proceed with the judicial sale of the property located at 122 Simpson Avenue, Lexington, KY 40504

(the "Property").   Debtor John Cecil Elkins filed a Response [ECF No. 38] to the Motion, and

Creditor filed a Reply [ECF No. 39].   The parties appeared at a hearing on October 6, 2016, at which

time the Court heard the arguments of counsel; neither party requested an evidentiary hearing in

connection with the Motion.   The Trustee has not submitted opposition to the Motion.   For the

reasons set forth below, the Motion will be GRANTED.

**I.      Background**

Debtor and Creditor participated in a foreclosure lawsuit related to the Property in the Fayette

Circuit Court (Civil Action No. 09-CI-2477).   In connection with that lawsuit, following the entry of

a Judgment and Order of Sale [ECF No. 39-1], a Master Commissioner's sale of the Property was

scheduled for March 21, 2016.   Debtor filed a petition under Chapter 13 on March 18, 2016, initiating

Case No. 16-50490, thereby averting the scheduled Master Commissioner's sale.   That case was

dismissed on April 12, 2016, owing to Debtor's admitted failure to timely file bankruptcy schedules or

a plan.   A second Master Commissioner's sale of the Property was set for August 1, 2016, but Debtor

filed a second Chapter 13 petition on July 29, 2016, to prevent the sale.   [ECF No. 38 at 4 (admitting "Debtor has relied upon the automatic stay to stop the liquidation of his residence at a foreclosure sale on two occasions").[1]]

Debtor's schedules state that the Property is worth $98,700.00.   [ECF No. 20.]   Debtor claims an exemption of $23,675.00.   Debtor's schedules also state that the Property secures total debt of approximately $104,000.00.   Creditors have filed secured claims (collateralized by the Property) totaling $97,538.42, including Creditor's claim of $17,894.54.

Debtor's plan filed on August 12, 2016, depends heavily on the sale of the Property.   [ECF No. 21.]   The plan proposes to avoid a judgment lien and to sell the Property by private sale or absolute auction to pay Debtor's tax debt and other liens in full; however, the plan sets no time table for the sale.   The plan also contains a special provision stating "[t]he Debtor expects his non-filing spouse to execute any documents needed to close the sale, however, the sale will include the interest of the Debtor's non-filing spouse in the Property pursuant to 11 U.S.C. § 363(h) as a precaution."   [ECF No. 21 at 4.]   "[A]pproval pursuant to section 363(h) for the sale of both the interest of the estate and of a co-owner in property" must be brought as an adversary proceeding.   FED. R. BANKR. P. 7001(3). Debtor has not commenced an adversary proceeding against his non-filing spouse, nor has Debtor's non-filing spouse appeared in this case to provide consent to a sale.

Shortly after filing this case, Debtor moved to extend the automatic stay and Creditor objected. The Court granted that motion following an evidentiary hearing on August 25, 2016.   In connection with that motion, Debtor provided an affidavit stating that he believes "there is value in the [Property] which can be realized through a private sale to help address my outstanding tax obligations, and need[s] the protection of the automatic stay to help obtain the highest possible value for the" Property.

---

[1] Debtor's counsel stated at the hearing on October 6, 2016, that Debtor lives at the Property part-time and that he otherwise lives with his wife, from whom he is separated but is not "adverse."

[ECF No. 9 ¶ 5.]   The affidavit did not offer a time table for the proposed sale.   At no point prior to the issuance of this Memorandum Opinion and Order has Debtor provided a specific time table related to the sale of the Property, any specific information regarding any potential buyer, or any written purchase offer.

Creditor argues that "cause" exists to modify the stay to proceed with the judicial sale of the Property under § 362(d)(1).[2]   Creditor avers that Debtor first filed bankruptcy immediately prior to the first scheduled Master Commissioner's sale, knowing that he had not filed tax returns for several years.   Creditor further argues that, after the dismissal of the first bankruptcy owing to Debtor's failure to file his required schedules and Chapter 13 plan, Debtor filed a second Chapter 13 petition to forestall the second scheduled Master Commissioner's sale.   Creditor contends that this bankruptcy filing is solely a bad faith attempt to avoid the Master Commissioner's sale of the Property.   Creditor also discusses factors used in this Circuit to evaluate whether "cause" exists to modify the stay.   [ECF 34 at 4 (citing *Garzoni v. K-Mart Corp. (In re Garzoni)*, 35 F. App'x 179, 181 (6th Cir. 2002)).]

Debtor's response in opposition states that Debtor is "look[ing] out for the interests of other creditors" by conducting a "free and clear sale."   [ECF No. 38 at 5.]   Debtor posits that granting the relief requested "will not accomplish the Debtor's obligation and objective to obtain a fresh start by resolving his outstanding obligations in Chapter 13" as "[t]he ability to briefly market the Property and seek a sale pursuant to 11 U.S.C. § 363 offers the best chance of receiving the highest and best value for the Property for the benefit of all creditors."   [*Id*.]   In addition, Debtor states that the state court Judgment and Order of Sale "does not determine the priority of claims" and that in bankruptcy "the claims process is well-established and the Debtor's Chapter 13 plan provides for a prompt and orderly way to both establish priority and distribute proceeds once the Property is sold."   [*Id*.]   With regard

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

to Creditor's assertion of bad faith, Debtor states that, by permitting the extension of the automatic

stay, the Court "effectively determine[d] his [pre-petition] conduct was not improper or in bad faith."

[*Id.* ¶ 9.B.]   Further, citing *Laguna Associates Ltd. Partnership v. Aetna Casualty & Surety Co. (In re*

*Laguna Associates Ltd. Partnership)*, 30 F.3d 734 (6th Cir. 1994), Debtor sets forth his view on eight

factors the Sixth Circuit set out with respect to a debtor's good faith.   Debtor's response does not

discuss the "cause" factors discussed in *In re Garzoni* and cited in the Motion.

## II.   Analysis

This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b), and this is a core

proceeding under 28 U.S.C. § 157(b)(2)(G).   Venue is proper under 28 U.S.C. § 1409.

The Court granted Debtor an extension of the automatic stay on August 25, 2016, under

§ 362(c)(3)(A).   The Court may terminate, annul, modify, or condition the automatic stay for "cause"

upon a request by a party-in-interest.   11 U.S.C. § 362(d)(1).   The party requesting relief from the

stay has the initial burden of proof to make a *prima facie* showing that the party has a factual and legal

right to the relief sought.   Once the movant makes this showing, the burden of going forward and the

ultimate burden of persuasion shift to the party opposing the relief.   3 COLLIER ON BANKRUPTCY

¶ 362.10 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

As Debtor noted, the Court extended the automatic stay at Debtor's request after conducting an

evidentiary hearing, finding "clear and convincing evidence sufficient to rebut the presumption that

the current case was not filed in good faith."   [ECF No. 26.]   However, a finding that Debtor rebutted

the presumption under § 362(c)(3)(C) is not dispositive in connection with the current motion:

> [A] finding of good faith in the granting or denial of a § 362(c)(3)(B) motion to extend
> the automatic stay is not controlling as to the examination of good faith in the filing of
> the petition for other purposes.   *In re Bowen*, C/A No. 07-05485-JW, [2008 Bankr.
> LEXIS 16, *5] (Bankr. D.S.C. Jan. 9, 2008).   However, the Court's finding of good
> faith at the time of such a motion may be a persuasive factor in other contexts such as a

determination of cause for relief from stay under § 362(d)(1) on the grounds of bad faith.

*In re Ford*, 522 B.R. 829, 838 (Bankr. D.S.C. 2014).   Given the facts of this case, as set forth above, the Court finds that Creditor has met its initial burden of proof to make a *prima facie* showing that it has a factual and legal right to the relief sought for "cause" under § 362(d)(1), and Debtor has not carried the burden of persuasion in opposition to stay relief.

"Cause" is not defined in § 362 or elsewhere in the Code.   Accordingly, courts have discretion to determine what constitutes "cause" on a case-by-case basis.   *Trident Assocs. Ltd. P'ship v. Metro. Life Ins. Co. (In re Trident Assocs. Ltd. P'ship)*, 52 F.3d 127, 131 (6th Cir. 1995); *see also Laguna Assocs. Ltd. P'ship*, 30 F.3d at 737.

The Court finds that cause exists here to modify the automatic stay.   This second case has been pending for over three months.   Debtor's plan vaguely refers to an intended sale of the Property, but there has been no action taken to follow through on such a sale.   Debtor has not offered an express time table for the sale or a proposed sale process.   Debtor has not sought to engage a realtor or an auctioneer.   Debtor has not provided any proof that the co-owner consents to the sale and has not taken steps to move forward under § 363(h) via an adversary proceeding.   What equity may be in the Property is diminishing via the accrual of post-petition expenses, including interest.   Further, as Debtor lives with his estranged spouse at least part time, Debtor obtains his meals and a bed elsewhere, and the Property is not his residence.   Debtor has had ample time to procure a private buyer, both in the seven years in which the foreclosure action was pending and in the many months since he filed the petitions commencing his bankruptcy cases in March and August 2016.

Based on the foregoing, IT IS HEREBY ORDERED that the Creditor's Motion [ECF No. 34] is GRANTED for the limited purpose of authorizing Fayette Tax Receivables, LLC to proceed, *in rem*, to enforce its liens in the Property via the Fayette Circuit Court action.

The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Tuesday, November 22, 2016**
(tnw)